IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEEYAN OMAR BROOKS | : |
| Plaintiff | : |
| v | :   Civil Action No. PJM-06-2213 |
| LEHRMAN DOTSON, MARY ANN SAAR, FRANK C. SIZER, JR., and WILLIAM WILLIAMS | : |
| | : |
| Defendants | : |

o0o

## MEMORANDUM OPINION

Pursuant to this Court's Order of September 7, 2006, Defendants have filed a Response to Show Cause Order, asserting that Plaintiff's request for injunctive relief should be denied. Paper No. 3. Plaintiff alleged that he was unjustly transferred from the Maryland House of Correction (MHC) to Maryland Correctional Adjustment Center (MCAC). Paper No. 1. Because the transfer involved an increase in security from maximum to super maximum and involves greater daily restrictions, Plaintiff claims he was entitled to a hearing prior to the transfer. *Id*.

Defendants assert that Plaintiff was transferred to MCAC on April 27, 2006, as a temporary measure not due to disciplinary actions. Paper No. 3 at Ex. 2, p. 7. They further assert that Plaintiff was not entitled to a hearing prior to his transfer because, as a convicted felon, he has no right to the least restrictive form of confinement available. *Id*. at p. 4.

The legal standard to apply in considering an application for injunctive relief is set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that

defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted. *See Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).

The initial factor in considering a request for injunctive relief is the "likelihood of irreparable harm to the plaintiff." Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.) In addition, the required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983). In the instant case, Plaintiff has asserted that he may suffer mental anguish if he is required to stay at MCAC for a prolonged period of time. Paper No. 1. The potential harm alleged is speculative at best. The request for injunctive relief will, therefore, be denied.

The only claim asserted by Plaintiff is that he was entitled to a hearing before he was "charged" and transferred to MCAC. That claim appears to have no merit based on the documents filed by Defendants, who assert that Plaintiff was not transferred to MCAC because of disciplinary actions, and also assert that his transfer out of MCAC has been delayed due to an infraction he received while at MCAC. Paper No. 3 at Ex.2, p. 7. Defendants' Response to Show Cause shall, therefore, be construed as a Motion for Summary Judgment and Plaintiff will be provided with an

2

opportunity to respond to Defendants assertion. Plaintiff is forewarned that failure to file a response will result in the dismissal of this Complaint without further notice. A separate Order follows.

|  |  |
|---|---|
| September 26, 2006 | /s/<br>PETER J. MESSITTE<br>UNITED STATES DISTRICT JUDGE |