IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEEYAN OMAR BROOKS | : | |
| Plaintiff | : | |
| v | : | Civil Action No. PJM-06-2213 |
| LEHRMAN DOTSON, | : | |
| MARY ANN SAAR, | | |
| FRANK C. SIZER, JR., | : | |
| and WILLIAM WILLIAMS | | |
| | : | |
| Defendants | | |

o0o
## MEMORANDUM OPINION

On September 26, 2006, this Court issued a Memorandum Opinion and Order denying Plaintiff's request for injunctive relief and construing Defendants' Response to Show Cause as a Motion for Summary Judgment. Papers No. 5 and 6. Plaintiff was granted 30 days in which to respond to the motion and was forewarned that failure to file a response would result in dismissal of the Complaint without further notice from this Court. *Id*. Plaintiff has filed nothing further in this case.

Background

The Complaint alleges that Plaintiff was unjustly transferred from the Maryland House of Correction (MHC) to Maryland Correctional Adjustment Center (MCAC), which resulted in an increase in security from maximum to super maximum with greater daily restrictions. Paper No. 1. Plaintiff claims he was entitled to a hearing prior to the transfer. *Id*. Defendants assert that Plaintiff was transferred to MCAC on April 27, 2006, as a temporary measure not due to disciplinary actions. Paper No. 3 at Ex. 2, p. 7. They further assert that Plaintiff was not entitled to a hearing prior to his

transfer because, as a convicted felon, he has no right to the least restrictive form of confinement available. *Id*. at p. 4.

## Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

Analysis

In the prison context there are two types of constitutionally protected liberty interests which may be created by state action. The first is created when there is a state created entitlement to an early release from incarceration. *See Board of Pardons v. Allen*, 482 U. S. 369, 381 (1987) (state created liberty interest in parole); *Wolff v. McDonnell*, 418 U. S. 539, 557 (1974) (state created liberty interest in good conduct credits). The second type of liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U. S. 472, 484 (1995).

As previously observed, the Complaint appears to be without merit because Plaintiff was not transferred to Maryland Correctional Adjustment Center (MCAC) due to disciplinary actions as alleged, and his transfer out of MCAC was delayed due to an infraction received after his transfer to MCAC. Paper No. 5. Plaintiff was not denied a due process hearing for purposes of imposing prison disciplinary sanctions. To the extent that a transfer to MCAC is more restrictive, it does not represent an atypical and significant hardship requiring a pre-transfer hearing.

Accordingly, Defendants' Motion for Summary Judgment shall be granted by separate Order which follows.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE